IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOKA HOLDINGS, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-26-14-SLP |
| ) | |
| STATE OF OKLAHOMA, ex rel, ) | |
| STATE BUREAU OF ) | |
| NARCOTICS AND ) | |
| DANGEROUS DRUGS CONTROL, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Defendant's [sic] Notice and Petition of Removal [Doc. No. 1] (Notice) filed in this case. Defendants State of Oklahoma, ex rel. State Bureau of Narcotics and Dangerous Drugs Control, Oklahoma Medical Marijuana Authority, and Kevin Stitt (the Removing Defendants) seek to remove the matter to this Court. For the reasons set forth below, the Removing Defendants have failed to comply with 28 U.S.C. § 1441 and the Court's local rules. Therefore, the Court directs the Removing Defendants to file an amended notice of removal.

The Court notes there are several deficiencies contained within the Notice.[1]  First, and most importantly, federal courts are courts of limited jurisdiction that may only

---

[1] The Notice also contains factual inaccuracies that require correction. The Notice states that the proceeding was originally filed in the District Court of Kingfisher County, State of Oklahoma. [Doc. No. 1] at ¶ 1. However, it is apparent that the underlying state court proceeding originated in the District Court of Oklahoma County, State of Oklahoma. *See generally* [Doc. Nos. 1-1 and 1-2].

exercise jurisdiction where statutorily authorized. *See, e.g., Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994). Defendants must demonstrate in the notice of removal that the Court has subject-matter jurisdiction. *See* 28 U.S.C. 1446(a) (requiring "a short and plain statement of the grounds for removal"). While Plaintiffs allege violations of constitutional rights under 42 U.S.C. § 1983, the Removing Defendants state that the Court "has original subject matter jurisdiction . . . pursuant to 28 U.S.C. § 1920." Puzzlingly, the statute the Removing Defendants purportedly rely on as a basis for jurisdiction relates to the taxation of costs in a matter. *See* 28 U.S.C. 1920.[2] The Removing Defendants have failed to allege a statutory basis for this Court to exercise subject matter jurisdiction.

Furthermore, upon review of the state court docket sheet, the Court is aware of more than twenty other filings submitted in the state court proceeding other than the Petition, notably including motions to dismiss filed by each of the respective Removing Defendants. When filing a notice of removal, the removing defendants must also file "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. 1446(a); *see also* LCvR81.2(a). The only state court filing submitted with the notice of removal was Plaintiffs' Petition [Doc. No. 1-1].

---

[2] The Removing Defendants' Civil Cover Sheet [Doc. No. 1-3] suffers from a similar defect. In Section VI of the Civil Cover Sheet, the Removing Defendants failed to provide the "U.S. Civil Statute under which [they] are filing" and were explicitly instructed to "not cite jurisdictional statutes." *See* [Doc. No. 1-3]. Accordingly, the Removing Defendants are ORDERED to submit an amended Civil Cover Sheet contemporaneously with the amended notice of removal.

IT IS THEREFORE ORDERED that Defendants State of Oklahoma, ex rel. State Bureau of Narcotics and Dangerous Drugs Control, Oklahoma Medical Marijuana Authority, and Kevin Stitt shall file an amended notice of removal to cure the deficiencies as set forth herein within 7 days of the date of this Order or by January 14th, 2026.[3]

IT IS FURTHER ORDERED that if an amended notice of removal is not timely and properly filed, the Court may remand this action back to the state district court.

IT IS SO ORDERED this 7th day of January, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

.

---

[3] The Removing Defendants need not re-file the exhibits attached to the Notice of Removal but may incorporate them by reference pursuant to Fed. R. Civ. P. 10(c).